## PROSECUTION FOR ASSISTING IN PLACING WAGERS ON HORSE RACES.

Common Pleas Court of Hamilton County.

MORTIMER DUNNING v. THE CITY OF CINCINNATI.

Decided, February 25, 1919.

*Gambling—Legality of Seizure of Race Horse Slips—Where Taken from the Person of One Having Them in Possession.*

1. A police officer may lawfully arrest, without warrant, a person whom he finds violating an ordinance of a municipal corporation against having in possession writings commonly used as memoranda of wagers on horse races.
2. Where the accused is in his place of business, and has lying before him on his counter such writings, which the officer recognizes and which accused takes up and thrusts into his pocket, upon recognizing the officer, the latter "finds" the accused violating the ordinance, and may arrest him without warrant.
3. The forcible taking by the officer from the accused of such papers so thrust into his pocket is within the authority of the officer, and is not in violation of the constitutional right of the accused against unlawful search and seizure.

*Harry Hess,* for plaintiff in error.

*Chauncey Pichel and E. S. Morrissey,* contra.

DARBY, J.

Error to the municipal court of Cincinnati.

The plaintiff in error was prosecuted in the court below upon an affidavit charging that

"On or about the 7th day of September, A. D. 1916, at the city of Cincinnati, county of Hamilton and state of Ohio (he) did unlawfully and knowingly have in his possession a certain writing such as is commonly used as a memorandum of a wager upon the result of a trial of the speed and power of endurance of a beast, to-wit, a race horse,"

in violation of the ordinances of the city of Cincinnati, Section 1019-2, as passed December 10, 1912.

A motion to quash the affidavit and a demurrer to the same were filed and overruled, to which exceptions were taken.

Thereupon the plaintiff in error filed a petition asking that the court order a return to him of certain papers and books, alleged to have been taken from his person at the time of his arrest. This motion was also overruled and exception taken.

It was conceded by counsel for the plaintiff in error that the ordinance was sustained as constitutional and that an affidavit in exactly the form in which the one in this case appears, was sustained by this court in a former prosecution against this same plaintiff in error.

The principal complaint of plaintiff in error is that the court erred in refusing his petition to return the papers referred to and in allowing the said papers to be used in evidence against him.

The evidence shows that on the day of the arrest two detectives of the police department of the city of Cincinnati entered the place of business of the plaintiff in error (which was a barber shop), situated in Cincinnati, and there saw the plaintiff in error with two other men standing at a cigar case at the front of the shop; that as the detectives walked toward the show case, they saw lying upon it a race form sheet and two slips of paper upon which were figures and writing, and which the testimony tends to show were memoranda of wagers upon horse races. As soon as the plaintiff in error saw the officers, he snatched the two slips from where they were lying and thrust them into his

pocket. The officers thereupon forcibly took the papers out of the pocket and from the plaintiff in error and placed him under arrest.

The contention of the plaintiff in error is, that in taking these slips from his person, the officers violated his constitutional rights against unlawful search and seizure, and that he was entitled to have the papers returned to him upon his petition, and that such papers were incompetent as evidence against him.

The defendant in error contends that the petition was not filed within proper time, and that upon that ground the court was justified in refusing the petition.

The view this court takes of the situation makes it unimportant as to whether the petition was filed in time or not.

The court below found that the papers taken from the plaintiff in error were such as, the possession of which, constituted a violation by plaintiff in error of the ordinance referred to. When the slips were first seen by the officers they were lying on full view upon the cigar case referred to, and when the plaintiff in error saw the officers, he immediately, as shown by the evidence, snatched them up and put them in his pocket. He exercised dominion and apparent ownership of the papers by taking them as described and putting them in his pocket; so that there can be no question that he had them in his possession, and he was actually found by the officers with them in his possession even before he so placed them in his pocket. The officers, as claimed by the plaintiff in error, thereupon forcibly took them from his possession, and, in the view this court takes of that act, they then and there placed him under arrest. In the presence of the officers he tried to dispose of the very things which the law forbade him to have in his possession.

The plaintiff in error claimed that there was no right of arrest or search at the store, but that the officers should have procured a search warrant authorizing them to search the plaintiff in error to take these papers from him.

In argument, many cases were referred to, which have no pertinency to the case at bar, as it can be very readily distinguished from the case of the unlawful search of a man's premises and seizure of his papers without a search warrant.

The leading case on this subject in this country is *Weeks* v. *United States*, 232 U. S., 383, in which the facts were, that after the arrest of the defendant, officers of the Government, without a search warrant, went to his premises, and in his absence searched the same, and took his private papers, which the court held to be in violation of his constitutional rights. Mr. Justice Day in the opinion very clearly distinguishes that case from the case at bar when he says on page 392:

"What then is the present case? Before answering that inquiry specifically, it may be well by a process of exclusion to state what it is not. It is not an assertion of the right on the part of the Government, always recognized under English and American law, to search the person of the accused when legally arrested to discover and seize the fruits or evidences of crime. This right has been uniformly maintained in many cases. 1 Bishop on Criminal Procedure, Section 211; Wharton Criminal Pleadings and Practice, eighth edition, Section 60; *Dillon* v. *O-Brien and Davis*, 16 Cox C.C., 245."

The arrest in this case was legal, as is clearly settled in *Ballard* v. *State*, 43 Ohio St., 340. The court had under consideration in that case the power of the marshal of a municipality or of a police officer to make arrest without warrant, and in construing General Code, Section 13492 (R. S. Sec. 7129) and General Code, Section 4386 (R. S. Section 1849), held that:

"Under a proper construction of these sections, a marshal of a municipal corporation is authorized, without warrant, to arrest a person found on the public streets of the corporation carrying concealed weapons contrary to law, although he has no previous personal knowledge of the fact, if he acts *bona fide*, and upon such information as induces an honest belief that the person arrested is in the act of violating the law."

Section 13492, General Code, so far as it applies to this case is as follows:

"A sheriff   *   *   *   or police officer, shall arrest and detain any person found violating any law of this state, or any legal ordinance of a city or village until a legal warrant can be obtained."

This section made it the imperative duty of the officers to arrest the plaintiff in error when they found him violating the ordinance of the city, and the search of his person then and there was justified.

The case of *Hirsch* v. *Cincinnati*, 21 O.C.C.(N.S.) 561, sustains the right to offer such evidence as is under consideration against the plaintiff in error.

It was conceded in argument by counsel for plaintiff in error that fruits or evidences of crime, such as a weapon or stolen property, might lawfully be taken from a person placed under arrest, but he claimed that because the articles taken from the plaintiff in error were papers, that some other rule must be applied.

There is no foundation for any such distinction, as is clearly indicated in the Weeks case above.

On the trial, the only witnesses who testified were the two police officers, whose testimony was to the effect that these slips consisted of such memoranda as are described in the section. They stated that at the time of the arrest plaintiff in error claimed that the papers were private accounts, but no testimony was offered to prove this latter fact, nor, indeed, was any evidence offered in the case except that of the two police officers.

This court can not say that the finding against the plaintiff in error is not sustained by sufficient evidence.

Other points were raised, and irregularities in the proceedings referred to, but if such existed they were not such as to prejudice plaintiff in error or to deny him any substantial right.

The judgment of the municipal court will therefore be affirmed.